**NOT FOR PUBLICATION**

JUL 06 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO CASTRO-BONILLA, | No. 10-70816 |
| Petitioner, | Agency No. A098-911-529 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Pedro Castro-Bonilla, a native and citizen of Nicaragua, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny the petition for review.

Castro-Bonilla claims he was persecuted due to an incident in which Sandinistas chased him and attacked his cousin. Substantial evidence supports the agency's conclusion that Castro-Bonilla did not suffer past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1017 (9th Cir. 2003) ("[T]hat Nagoulko witnessed the beating of some of her co-workers does not compel a factfinder to conclude that Nagoulko suffered from past persecution."). We reject Castro-Bonilla's contention that the agency erred by requiring that he have suffered physical harm because this is belied by the record. Having failed to establish past persecution, Castro-Bonilla is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 208.13(b)(1). Apart from his presumption contention, Castro-Bonilla does not argue that he otherwise established a well-founded fear of future persecution.

Because Castro-Bonilla failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, the record does not compel the conclusion that Castro-Bonilla likely will be tortured at the instigation of, or with the consent or acquiescence of, the

2

government if he returns to Nicaragua. *See Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007). Contrary to Castro-Bonilla's contention, the agency sufficiently analyzed Castro-Bonilla's claim for CAT relief. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (CAT regulation "does not require an IJ's decision to discuss every piece of evidence; it requires only that the IJ consider all evidence.").

**PETITION FOR REVIEW DENIED.**